UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | | |
|---|---|---|
| CHRISTOPHER KNIGHTON | ) | |
| | ) | |
|     *Petitioner*, | ) | |
| | ) | |
| v. | ) | No. 3:07-cv-02 |
| | ) | *Phillips* |
| | ) | |
| DAVID MILLS, Warden | ) | |
| | ) | |
|     *Respondent*. | ) | |

## MEMORANDUM

This is a *pro se* petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is before the court on the motion to dismiss filed by the Attorney General for the State of Tennessee, on behalf of the respondent, and petitioner's response thereto. For the following reasons, the motion to dismiss [Court File No. 4] is **DENIED**.

Petitioner challenges his 1999 Blount County convictions for aggravated rape, aggravated burglary, and theft. The Attorney General moves to dismiss the habeas corpus petition as untimely. In support of the motion to dismiss, the Attorney General has provided the court with copies of the opinions and orders of the Tennessee appellate courts, as well as petitioner's post-conviction petition. [Court File No. 11, Notice of Filing of Documents, Addenda 1-8].

Petitioner's convictions were affirmed by the Tennessee Court of Criminal Appeals on direct appeal. *State v. Knighton*, No. E2000-00746-CCA-R3, 2001 WL 125952 (Tenn. Crim. App. February 15, 2001) [Addendum 2]. Petitioner filed an application for permission to appeal to the Tennessee Supreme Court [Addendum 3]. His attorney, however, subsequently filed a motion for permission to dismiss the application [Addendum 4] and, on May 31, 2001, the Tennessee Supreme Court granted the motion to dismiss [Addendum 5].

Petitioner filed a petition for post-conviction relief on February 11, 2000.[1] [Addendum 6]. The trial court denied the petition after an evidentiary hearing and the Tennessee Court of Criminal Appeals affirmed. *Knighton v. State*, No. E2005-02534-CCA-R3-PC, 2006 WL 1864472 (Tenn. Crim. App. July 5, 2006) [Addendum 8], *perm. app. denied, id.* (Tenn. October 2, 2006). Petitioner filed the pending habeas corpus petition on January 3, 2007.[2] The Attorney General moves to dismiss the petition based upon the applicable statute of limitation.

There is a "1-year period of limitation [that] shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitation period generally runs from the date on which the judgment of

---

[1] Pursuant to the "prison mail box rule" of *Houston v. Lack*, 487 U.S. 266 (1988), a pleading is "filed" by a *pro se* prisoner when it is given to a prison official for mailing. Petitioner claims he gave his post-conviction petition to the prison mail room on February 7, 2002. However, he has not provided the court with proof of that and the pleading itself bears a filed date of February 11, 2002. In any event, the difference of four days is not material.

[2] Although the petition was received by the Clerk's Office on January 5, 2007, the envelope bears a stamp showing it was received by the prison mail room for mailing on January 3, 2007.

conviction became final, with the provision that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

The statute of limitation commenced as to petitioner's convictions on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Tennessee Court of Criminal Appeals affirmed the convictions on February 15, 2001. The Attorney General contends that, by filing the motion to dismiss, the petitioner withdrew his application for permission to appeal and thus it was as if the application had never been made. Under this reasoning, petitioner's judgments of conviction became final on April 16, 2001, which was 60 days after the opinion of the Court of Criminal Appeals. *See* Tenn. R. App. P. 11(b) (after the judgment of the Court of Criminal Appeals, defendant has 60 days within which to file an application for permission to appeal to the Tennessee Supreme Court on direct appeal). In that case, petitioner's habeas corpus petition was not timely filed.

This court, however, disagrees with the Attorney General's reasoning. Petitioner did not withdraw his application for permission to appeal, but rather moved to dismiss the application. The statute of limitation clearly refers to "the conclusion of direct review." Therefore, petitioner's judgments of conviction became final on May 31, 2001, the date the Tennessee Supreme Court granted the motion to dismiss the application for permission to appeal.

Petitioner's state post-conviction petition tolled the running of the statute of limitation while it was pending. The petition was filed on February 11, 2002, at which time 256 days of the one-year statute of limitation had elapsed, leaving 109 days for filing a federal habeas corpus petition. *See Payton v. Brigano*, 256 F.3d 405, 406 (6th Cir. 2001) (a pending post-conviction petition "merely tolled, rather than reset," the one-year statute of limitation).

The Tennessee Supreme Court denied permission to appeal the denial of post-conviction relief on October 2, 2006, and the statute of limitation resumed running on that date. *See Lawrence v. Florida*, 127 S. Ct. 1079, 1083 (2007) (statute of limitation is not tolled during the pendency of a petition for certiorari to the U.S. Supreme Court). As noted, petitioner had 109 days remaining, or until January 19, 2007, to seek habeas corpus relief in the federal court. Proffitt's habeas corpus petition was filed on January 3, 2007. Accordingly, the habeas corpus petition was timely filed and is not barred by the statute of limitation. The motion to dismiss will be **DENIED**. Respondent should file his response to the habeas corpus petition within thirty (30) days of the entry of this opinion.

**AN APPROPRIATE ORDER WILL ENTER.**

                                              s/ Thomas W. Phillips
                                              United States District Judge